JOHN S. ABBOTT v. MRS. G. F. KELLER.

(Filed September 1, 1904.)

VERDICT—Evidence to Support; When Sufficient. Under an assignment of error that the verdict of the jury is not supported by sufficient evidence, this court will only examine the testimony to ascertain whether there is evidence which reasonably tends to support the verdict of the jury, and will·not, where there is a conflict of testimony, decide on which side the preponderance of proof is.

(Syllabus by the Court.)

*Error from the District Court· of Garfield County; before James K. Beauchamp, Trial Judge.*

*W. S. Denton* and *Moore & Moore,* for plaintiff in error.

No appearance for defendant in error.

STATEMENT OF FACTS.

This was an action originally commenced before E. N. Hall, a justice of the peace in and for Enid City Township, Garfield county, O. T., in which the plaintiff, Mrs. G. F. Keller, sought to recover from the defendant John S. Abbott for the rent of certain premises occupied by him. To the bill of particulars defendant filed an answer denying the indebtedness, and claiming by way of set off a certain sum due him for cash expended and labor performed. Judgment was rendered in favor of the plaintiff, an appeal was taken by the defendant to the district court of Garfield county, O. T., and afterwards, said cause came on for final hearing, was tried to a jury, and verdict rendered in favor of the plain-

tiff, in the sum of $25.00; motion for new trial was over-ruled, exceptions saved, and the case is brought here for review.

Opinion of the court by

IRWIN, J.: While there are several assignments of error, we think it necessary only to consider two. That is, first, that the court erred in admitting testimony at the trial on behalf of the plaintiff which was illegal and incompetent over the objection of the defendant, and that the court erred in refusing legal and competent evidence offered on the part of the defendant. We have carefully examined the record, and fail to find any instance in which we think the ruling of the court on the admission of evidence was error, where an objection was made and exceptions saved. The assignment of error which seems to be principally relied upon by the plaintiff in error in this case, is that the testimony does not reasonably tend to support the finding and verdict of the jury. In determining this, we have been compelled to carefully read the entire record, as no assistance was furnished us by counsel for defendant in error. In fact, the interests of defendant in error seem to have been entirely abandoned in this court, and no brief of any kind or character has been filed. But, on an examination of the entire record, we find that there is a sharp conflict of testimony between Mrs. G. F. Keller, Mrs. Hardwick, Jesse Keller, and E. E. Warden, witnesses for the plaintiff, and Mr. Abbott, and Mr. Trimble, witnesses for the defendant. The jury, after hearing all of the evidence, seeing the witnesses face to face, observing their manner on the stand, and carefully weighing their testimony, have found the issues in

favor of the plaintiff, and we are not prepared to say from an examination of the record that there is no evidence which reasonably tends to support their finding, and it is not our province, neither is it the desire of this court to weigh the testimony further than to ascertain if there is evidence which reasonably tends to support the verdict of the jury. This court will not, in cases where there is a conflict of testimony, decide on which side the preponderance of evidence is. That is a duty which devolves peculiarly upon the jury in the trial court, they having greater facilities, and being in a better position to determine truth and detect falsehoods, than this court can possibly have from an examination of the testimony on paper.

From an examination of the record, believing a fair trial was had, and the right conclusion reached, the judgment of the trial court is affirmed, at the costs of the plaintiff in error.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.